

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:14-CR-053-GMN-(CWH) |
| DAVID A. HORN, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

This Court finds that on October 14, 2014, defendant DAVID A. HORN pled guilty to Counts Thirteen and Fourteen of a Fifteen-Count Indictment charging him in Count Thirteen with Distribution of Methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and in Count Fourteen with Possession of a Firearm in Furtherance Of, and Carrying a Firearm During and In Relation To, a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c). Indictment, ECF No. 11; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds defendant DAVID A. HORN agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the Indictment. Indictment, ECF No. 11; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Indictment and the offenses to which defendant DAVID A. HORN pled guilty.

. . .

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), (2)(C), (3)(B), and (3)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1), (a)(2) and (p); Title 21, United States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c):

1. one (1) Taurus .38 caliber revolver bearing manufacturer's serial number LC40499;
2. one (1) Taurus model PT 740 .40 caliber semi-automatic handgun bearing manufacturer's serial number SDT94901;
3. one (1) Kel-Tec model PF-9 9 millimeter semi-automatic handgun bearing manufacturer's serial number S3Y89;
4. one (1) Smith & Wesson model SD40VE .40 caliber semi-automatic handgun bearing manufacturer's serial number HED2760;
5. any and all ammunition;
6. $290.00 in United States Currency;
7. $2,810.00 in United States Currency; and
8. An *in personam* criminal forfeiture money judgment of $14,570 in United States Currency

(all of which constitutes "property").

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of DAVID A. HORN in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

. . .

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>   Michael A. Humphreys
>   Assistant United States Attorney
>   Daniel D. Hollingsworth
>   Assistant United States Attorney
>   Lloyd D. George United States Courthouse
>   333 Las Vegas Boulevard South, Suite 5000
>   Las Vegas, Nevada 89101.

. . .

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

DATED this 14 day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE